UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEVE LOPEZ,

    Plaintiff,

v.

BANK OF AMERICA, N.A., and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.
_____/

CASE NO. 1:12-CV-667

HON. ROBERT HOLMES BELL

# **O P I N I O N**

Plaintiff Feve Lopez sued Bank of America, N.A. and Federal National Mortgage Association ("Fannie Mae") in Clinton County Circuit Court, alleging violation of Michigan Compiled Laws §§ 600.3204(4)(a) and 600.3205a by Bank of America, and violation of the Fifth Amendment due process clause by Fannie Mae.  On June 22, 2012, the defendants removed the case to this Court.  (Dkt. No. 1.)  This Court permitted the Federal Housing Finance Agency ("FHFA") to intervene as conservator of Fannie Mae, on July 23, 2012.  (Dkt. No. 9.)  Presently before the Court are motions to dismiss filed by the FHFA (Dkt. No. 10) and Bank of America and Fannie Mae (Dkt. No. 11).  These motions will be granted.

As a preliminary matter, the Court must consider Plaintiff's motion for leave to file a late response to these motions.  (Dkt. No. 14.)  The two motions to dismiss were filed on August 28, 2012.  Plaintiff failed to file a response within the 28 days provided by Local

Rule 7.2(c). Consequently, on November 6, 2012, the Court issued an order requiring Plaintiff to file a response to the motions by November 13, 2012, along with a motion to allow late filing. (Dkt. No. 13.) Plaintiff failed to comply with this deadline as well, filing her motion for leave to file a late response on November 14, 2012. Consequently, the motion to allow late filing will be denied, and the Court will decide the motions to dismiss on the merits and without the benefit of Plaintiff's response. The Court also notes that even if the motion to allow late filing had been filed on time, the Court would still deny it. Plaintiff alleges that she refrained from filing a response "to avoid unnecessarily escalating legal fees" during attempts to settle. (Dkt. No. 14, ¶ 4.) Cost-consciousness does not excuse the failure to comply with filing deadlines, nor does the fact that Plaintiff's failure to request an extension of time was allegedly an oversight. (Dkt. No. 14, ¶ 5.)

## I.

Plaintiff's complaint arises from the foreclosure sale of the property located at 3701 W. Howe Road, Dewitt, Michigan 48820. (Dkt. No. 1, Attach. 1, Compl. ¶ 5.) This property was purchased by Plaintiff with a mortgage loan from Countrywide Home Loans, Inc. (Compl. ¶ 5.) This loan was evidenced by a promissory note, and Plaintiff granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). (Dkt. No. 12, Exs. 1-2.) On October 18, 2011, MERS assigned the mortgage to Bank of America, successor by merger to BAC Home Loans Servicing, L.P., which was formerly known as Countrywide. (Dkt. No. 12, Ex. 3.) An "extreme arrearage" accrued on the loan (Compl. ¶ 9), leading to

Bank of America initiating foreclosure by advertisement proceedings (Compl. ¶ 11). A foreclosure sale was scheduled for February 1, 2012. Plaintiff filed a petition for bankruptcy on February 1, leading to a delay of the foreclosure sale. (Compl. ¶ 9.) Plaintiff's bankruptcy petition was ultimately dismissed, and the foreclosure sale was rescheduled for June 6, 2012. (Compl. ¶¶ 9-10.) Bank of America purchased the property at the resultant sheriff's sale. (Dkt. No. 12, Ex. 8.)

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs and Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of

his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.

As stated, Plaintiff's response to the motions to dismiss was untimely and will not be considered. However, even if the Court did consider Plaintiff's response to be timely, it would still grant the motions to dismiss.

**A. Due Process Claim**

Plaintiff alleges that Fannie Mae violated the due process clause of the Fifth Amendment by directing its agent, Bank of America, to foreclose by advertisement. (Compl. ¶ 26.)

The Fifth Amendment "appl[ies] to and restrict[s] only the Federal Government and not private persons." *Pub. Utils. Comm'n v. Pollack*, 343 U.S. 451, 461 (1952). "[W]here . . . the Government creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of

4

that corporation, the corporation is part of the Government . . . ." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 399 (1995). According to the Sixth Circuit:

> *Lebron* identifies three major questions necessary to determine whether a private corporation is an arm of the federal government for purposes of federal constitutional challenges: (1) Creation: Did the government create the corporation by a special law? (2) Objectives: Was the corporation created for the furtherance of governmental objectives? (3) Control: Did the government retain for itself permanent authority to appoint a majority of the directors of the corporation? *Lebron*, 513 U.S. at 400, 115 S.Ct. 961.

*Parrett v. Se. Boll Weevil Eradication Found., Inc.*, 155 F. App'x 188, 191-92 (6th Cir. 2005).

Because Fannie Mae is not under permanent governmental control, it is not a governmental actor for purposes of constitutional challenges. Fannie Mae was created as a private corporation in 1968. 12 U.S.C. § 1716(b). In 2008, Congress empowered the FHFA to act as conservator of Fannie Mae for the purpose of "reorganizing, rehabilitating, or winding up the affairs." 12 U.S.C. § 4617(a)(2). This purpose, which centers on activities of finite duration, illustrates that the conservatorship of Fannie Mae is a temporary situation. This understanding is supported by representations of both the FHFA and the Office of Management and Budget ("OMB"). (*See, e.g.*, Dkt. No. 10, Exs. A, B, F, G, H, I.) For example, in 2011, the acting director of the FHFA testified in a congressional hearing that conservatorship of Fannie Mae is "unlikely to continue in its current form." (Dkt. No. 10, Ex. A, at 8.) Similarly, in the proposed Fiscal Year 2012 Budget, the OMB stated that "[t]he Budget continues to reflect [Fannie Mae and other such entities] as non-budgetary entities in keeping with their temporary status in conservatorship." (Dkt. No. 10, Ex. B, at 373.)

The Court's finding that Fannie Mae is not a government actor for purposes of constitutional claims, is supported by similar findings in other district courts. *See, e.g.*, *In re Kapla*, No. 11-68878, 2012 WL 6569739, at *16 (E.D. Mich. Dec. 14, 2012) ("[T]he Court concludes that under the *Lebron* test, Fannie Mae is not a government actor, and did not become a government actor when FHFA was appointed as conservator."); *Rubin v. Fannie Mae*, No. 12-CV-12832, 2012 WL 6000572, at *3 (E.D. Mich. Nov. 30, 2012) ("The Court finds that Fannie Mae is not a federal actor and dismisses Rubin's constitutional claims."); *Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 95 (D.D.C. 2012) ("Although the duration of the conservatorship is indefinite, FHFA's control over Fannie Mae is temporary."); *Syriani v. Freddie Mac Multiclass Certificates, Series 3365*, No. CV 12-3035-JFW, 2012 WL 6200251, at *4 (C.D. Cal. July 10, 2012) ("Freddie Mac does not become a governmental actor for Fifth Amendment purposes merely because it is placed into conservatorship."). Plaintiff has not pointed to any decisions supporting her allegation that Fannie Mae is a government actor for purposes of constitutional claims.

Because Fannie Mae is not a government actor, Plaintiff's Fifth Amendment claim is dismissed for failure to state a claim upon which relief may be granted.

**B. State Law Violation**

Plaintiff has also alleged that the Bank of America failed to comply with Michigan Compiled Laws §§ 600.3204(4)(a) and 600.3205a, which require a foreclosing party to serve written notice on the borrower apprising the borrower of his or her right to request a loan

modification meeting. Plaintiff alleges that she never received this required notice. (Compl. ¶ 13.) Defendants argue that Plaintiff has no claim because (1) Plaintiff's statutory remedy expired once the sale was completed on June 6, 2012, and because (2) Plaintiff cannot show prejudice.

Because the second argument is dispositive, the Court declines to rule on the first argument. The Court does note that some district courts have concluded that the language of § 600.3205a precludes relief after a foreclosure sale is completed. However, these courts have done so with limited analysis. *See, e.g.*, *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011); *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276, at *7 (E.D. Mich. Nov. 1, 2011). However, in light of the Eastern District's persuasive dismissal of this argument in regard to a similar statute, § 600.3205c,[1]

---

[1] According to the Eastern District of Michigan:

> The theory of the R & R and Defendant's motion is that the statute does not expressly authorize a court to set aside a foreclosure sale that has already occurred. However, there is no language in the statute that would bar setting aside a foreclosure sale that has taken place. And the operative language of the statute does not reference the sale of the property at all. Instead, it authorizes a borrower to file an action "to convert the foreclosure proceeding." Mich. Comp. Laws § 600.3205c. To reach the conclusion that the Legislature had intended to allow the conversion right only if the right were exercised prior to a foreclosure sale, this Court would have to make at least two plainly unreasonable assumptions. First, it would have to assume that the Legislature expected a financially troubled borrower to locate a lawyer, file suit and win an injunction within the narrow four-week window for publication prior to sale. *See* Mich. Comp. Laws § 600.3208. Second, the Court would have to conclude that the Legislature intended to erase the principle—long recognized in Michigan law—that a foreclosure sale may be set aside on grounds of irregularity or fraud.

*Bobel v. Met Life Home Loans*, No. 11-CV-10574, 2012 WL 5823759, at *2 (E.D. Mich. Mar. 21, 2012).

7

the question of whether relief is precluded under § 600.3205a is a close one. Because the second argument is straightforward and dispositive, the Court declines to address this close question.

Michigan law requires a showing of prejudice or harm in addition to a showing that there was a defect in foreclosure notice:

> By holding that a defect renders a foreclosure sale voidable, rather than void, more security is given to the title of real property. Such a holding also allows for an examination of whether any harm was caused by the defect. In situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law that . . . would automatically nullify the sale without regard to or consideration of the intervening interests of the parties.

*Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 413 N.W.2d 99, 101 (Mich. Ct. App. 1987). Michigan district courts have adopted this requirement. "Under Michigan law . . . a mortgagor is not entitled to relief merely by alleging some defect in the notice of foreclosure. . . . [A] plaintiff bears the burden of showing actual harm as a result of the error." *Rose v. Fed. Home Loan Mortg. Corp.*, No. 1:09-CV-170, 2010 WL 3779002, at *10 (W.D. Mich. Sept. 21, 2010) (Scoville, M.J.). "Even if [the mortagee] failed to comply with the foreclosure notice statute, I would not have sufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice." *Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 511 (E.D. Mich. 2004). "[Plaintiffs] have not sufficiently alleged prejudice. Here, Plaintiffs concede that they defaulted on the loan, that they received notice of that default, and that they

were aware the property was scheduled for foreclosure sale." *Brewster v. U.S. Bank Nat. Ass'n*, No. 12-CV-12185, 2012 WL 3779012, at *5 (E.D. Mich. Aug. 7, 2012).

Even if the Court accepts as true Plaintiff's allegation that she did not receive the mailed notice required by § 600.3205a, Plaintiff cannot establish harm.  Plaintiff had constructive notice of her rights and the foreclosure due to the publishing of the § 600.3205a notice in the Detroit Legal News on December 4, 2011.  (Dkt. No. 1, Attach. 1, Ex. B.)  Moreover, Plaintiff had actual notice of the foreclosure and her right to request a loan modification meeting no later than three months before the actual June 6 foreclosure sale, as evidenced by Plaintiff's email on January 30, 2012, investigating the mailing of the notice, and the copies of the "Notice Pursuant to MCL 600.3205a(4)" and "Notice of Mortgage Foreclosure Sale," which were printed on January 30, 2012, and which Plaintiff attached to her complaint.  (Dkt. No. 1, Attach. 1, Exs. B, C, F.)  Because Plaintiff had actual notice of her right to request a loan modification meeting well in advance of the foreclosure sale, any failure of the defendants to comply with the notice requirements imposed by § 600.3204(4)(a) and § 600.3205a did not result in prejudice.  *See Jackson*, 413 N.W.2d at 101) (holding that it is evident that no harm is suffered when "the mortgagor would have been in no better position had notice been fully proper and [] the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property").  Consequently, Plaintiff has failed to state a claim for relief under Michigan law.

Because Plaintiff's complaint does not contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face, *Iqbal*, 556 U.S. at 678, the motions to dismiss are granted.

Lastly, the Court notes that this case was not removed to federal court until June 22, 2012, after the foreclosure sale took place on June 6. Thus, Plaintiff's request for injunctive relief enjoining the foreclosure sale is denied as moot.

An order consistent with this opinion will be entered.


Dated: January 14, 2013                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE